## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEON LOBBAN,                          :         CIVIL NO. 1:CV-13-1442
          Petitioner,              :
                                        :         **(Chief Judge Kane)**
          v.                       :
                                          :
THOMAS DECKER, et al.,                :
          Respondents              :

## MEMORANDUM

Leon Lobban, ("Lobban"), presently a detainee of the Bureau of Immigration and

Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania, filed the

instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 29, 2013. (Doc.

No. 1.) Along with his petition, he has filed a motion seeking leave to proceed in forma pauperis

in this matter. (Doc. No. 3.) In the petition, Lobban challenges his continued detention by ICE.

Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable

to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the

petition will be denied in that Lobban's detention is both mandatory and constitutionally

permissible.

## I.    Background

Lobban states that he is a native and a citizen of Jamaica, and that he first arrived in the

United States on October 4, 2002, as a permanent resident. On January 31, 2011, he was

convicted in the Court of Common Pleas of Montgomery County, Pennsylvania on drug charges.

On May 11, 2012, he was taken into ICE custody and an Immigration Judge issued an order of

removal to Jamaica on May 7, 2013. In the petition there is no indication that Lobban pursued

an appeal to the Board of Immigration Appeals from the decision of the IJ. However, in

contacting ICE, it was learned by the Court that Lobban filed a timely appeal to the Board of

Immigration Appeals ("BIA") from the IJ's decision on June 6, 2013. The appeal is presently

pending before the BIA.

On May 29, 2013, approximately one (1) week before filing his appeal to the BIA,

Lobban filed the instant petition for writ of habeas corpus, stating that his continued detention is

unlawful because his removal to Jamaica or any other country is not significantly likely to occur

in the reasonably foreseeable future. He contends that his rights are being violated under the

Due Process Clause, and seeks release under an order of supervision.

## II.     Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant

to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241

petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa.

1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the petitioner to be notified." A petition

may be dismissed without review of an answer "when the petition is frivolous, or obviously

lacking in merit, or where ... the necessary facts can be determined from the petition itself...."

Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d

143 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Detention, release, and removal of aliens ordered removed is governed by the provisions

of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety (90) days to remove an

alien from the United States after his order of removal, during which time detention is

mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i)     The date the order of removal becomes administratively final.
>
> (ii)    If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231.  At the conclusion of the ninety-day period, the alien may be held in continued

detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).  The

statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring

about the alien's removal from the United States.  It does not permit indefinite detention."

Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably

foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish

uniformity in the federal courts, a period of six months was recognized as a "presumptively

reasonable period of detention."  Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the

Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety-day

removal period, the district director shall conduct a custody review for an alien where the alien's

removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(i).  When

release is denied pending the removal, the district director may retain responsibility for custody

determinations for up to three months, or refer the alien to the Headquarters Post Order

Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  Once

jurisdiction is transferred, an eligible alien may submit a written request for release to the

HQPDU.  8 C.F.R.    § 241.13(d)(1).  Pursuant to 8 C.F.R. § 241.13, special review procedures

are established for "those aliens who are subject to a final order of removal and are detained

under the custody review procedures provided at § 241.4 after the expiration of the removal

period, where the alien has provided good reason to believe there is no significant likelihood of

removal to the country to which he or she was ordered removed, or to a third country, in the

reasonably foreseeable future."  8 C.F. R. § 241.13(a).  Significantly, an alien may still be

detained beyond six months "until it has been determined that there is no significant likelihood

of removal in the reasonably foreseeable future."  Zadvydas, 533 U.S. at 701.  Id.

In the matter *sub judice*, Lobban's order of removal is not yet final.  He filed a timely

appeal to the BIA on the last day of the appeal period.  The appeal is now before the BIA.  As

such, Lobban continues in pre-final order detention.  The apprehension and detention of aliens

who are pending final removal decisions are governed by § 236 of INA, 8 U.S.C. § 1226.

Section 1226(c)(1)(B), instructs the Attorney General to take into custody and detain any alien

who is deportable by reason of having committed any offense covered in section 8 U.S.C. §

1227(a)(s)(A)(ii), (A)(iii), (B), (C), or (D).  In Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708,

155 L.Ed.2d 724 (2003), the Supreme Court found that mandatory detention prior to the entry of

a final order of removal under § 1226(c) does not violate the protections guaranteed under the

Constitution.  In Demore, a lawful permanent resident filed a habeas petition challenging the no-

bail provision of § 1226(c), pursuant to which he had been held for six months during the

pendency of removal proceedings against him.  The Supreme Court held that detention of lawful

permanent residents during removal proceedings is constitutionally permissible even where there

has been no finding that they are unlikely to appear for their deportation proceedings. See id. at 524-529.

However, in Diop v. ICE/Homeland Security, 656 F.3d 221, 235 (3d Cir. 2011), the Third Circuit Court of Appeals found that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns and that it was unconstitutional to detain Diop for nearly three years under the authority granted by Congress in § 1226(c). The Third Circuit concluded that § 1226(c) contains an implicit limitation of reasonableness and authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. Id. at 235.

The Diop case concerned an individual who was detained for more than 35 months without an individualized bond hearing. The Third Circuit's determination that this 35 month delay was so prolonged as to be unreasonable and offensive to the Due Process Clause of the Fifth Amendment to the Constitution does not, however, provide a temporal criterion that can be used generally to determine when such detention has gone on too long. However, a review of recent decisions have held that pre-removal detentions spanning a period of one (1) year and less do not offend the Due Process Clause. See, e.g., Rodriggues v. Holder, No. 09-1764, 2010 WL 830929 (M.D. Pa. March 4, 2010)(Munley, J.)(one year detention); Slebo v. District Director, No. 09-1335, 2009 WL 2151347 (Munley, J.)(M.D. Pa. July 17, 2009)(eight months detention); and Wright v. ICE, No. 06-2278, 2007 WL 86263 (M. D. Pa. January 9, 2007)(Conner, J.)(seven months detention).

In the matter *sub judice*, Lobban has been in ICE detention just over one (1) year. He

was taken into ICE custody on May 11, 2012, and the IJ issued an order of removal on May 7, 2013. Lobban thereafter waited until the final day of the thirty (30) day appeal period, June 6, 2013, to file an appeal from the IJ's order with the BIA. While the Court is sensitive to the fact that pre-removal detention of an alien who is not subject to a final order of removal cannot be open-ended, we do not believe that this case has yet reached the point whether further detention without an additional hearing requires habeas corpus relief. In fact, it was Lobban who waited until the last day of the appeal period before filing his appeal from the order of the IJ to the BIA. As such, the Court concludes that unreasonable delay has not yet occurred in the instant case and Lobban's detention is both mandatory and constitutionally permissible . An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


LEON LOBBAN,                          :          CIVIL NO. 1:CV-13-1442
      Petitioner,                   :
                                 :          (Chief Judge Kane)
      v.                                :
                                   :
THOMAS DECKER, et al.,                :
      Respondents                   :

## ORDER

    **AND NOW,** this 7th day of June, 2013, for the reasons set forth in the accompanying

memorandum, **IT IS HEREBY ORDERED THAT:**

    1.      Petitioner motion to proceed in forma pauperis (Doc. No. 3) is **granted**.

    2.      The petition for writ of habeas corpus is **denied.**

    3.      The Clerk of Court is directed to **close this case**.


                                   S/ Yvette Kane
                                   YVETTE KANE, Chief Judge
                                   Middle District of Pennsylvania